IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GEORGE L FIELDS,

    Petitioner,

v.                                                        CASE NO. 4:15-cv-138-MW-GRJ

GREG DRAKE,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] (Doc. 1.) Petitioner has paid the filing fee. For the reasons discussed below, it is **RECOMMENDED** that the petition be **DISMISSED** under the *Younger v. Harris* abstention doctrine.

Petitioner was convicted of second degree murder and possession of a firearm by a convicted felon in Brevard County on May 4, 2014. The appeal of his conviction is currently pending in the Fifth District Court of Appeal of Florida. Petitioner alleges that

---

[1] Although the Petitioner filed the petition under 28 U.S.C. § 2241, the petition should have been filed under 28 U.S.C. § 2254. *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004)( a challenge to a petitioner's conviction imposed by a state court is governed by 28 U.S.C. § 2254.) Jurisdiction of a § 2241 petition is in the district of confinement. 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426 , 442 (court issuing the writ must have jurisdiction over the custodian); *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir.1991) (§ 2241 petitions must be brought in the district in which the inmate is confined). Because Petitioner is confined within the Tallahassee Division of the Northern District the Court is authorized to address the petition. Had Petitioner properly brought his petition pursuant to § 2254, jurisdiction would have been more appropriate in the Orlando Division of the Middle District of Florida, the district of conviction. However, the Court is not permitted to recharacterize the petition — *see*, *Wyatt v United States,* 574 F. 3d 455, 460 (7th Cir. 2009)(explaining that courts "must respect a litigant's decision to invoke a certain statute") — and therefore the Court has addressed the petition rather than transferring it.

he is being held in violation of the Constitution because the Florida Legislature abrogated the Governor's time to act on House Bill #1347, so it never became an enforceable law. House Bill 1347 amends Fla. Stat. § 893.033 to revise the chemicals defined as "listed precursor chemicals."

This Court must abstain from passing on Petitioner's claim pursuant to the *Younger v. Harris* abstention doctrine. 401 U.S. 37 (1971). "Under *Younger v. Harris* and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997). *Younger* was concerned with the equitable restraint by federal courts of state court criminal proceedings that had yet to run their course and was "founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Hughes v. Att'y Gen. Of Florida*, 377 F.3d 1258, 1264 n.7 (11th Cir. 2004). The exceptions to *Younger* are very narrow and apply only if: there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no adequate alternative state forum where the petitioner's constitutional issues can be raised. *Id.* at 1263 n.6.

None of the *Younger* exceptions apply in this case. Any interference by this Court in those state court criminal proceedings would defy the "strong federal policy against federal-court interference with pending state judicial proceedings" expressed by the Supreme Court in *Younger*. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

Case 4:15-cv-00138-MW-GRJ   Document 5   Filed 03/30/15   Page 3 of 3

*Page 3 of 3*

## IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that Petitioner's Petition for Writ Of Habeas Corpus should be **DISMISSED**.

**IN CHAMBERS** in Gainesville, Florida, this 30th day of March 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 4:15-cv-138-MW-GRJ*